**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**James J. ROSEMOND, Defendant–**
**Appellant.**

No. 00–50150.
D.C. No. CR 98–00550–DT.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 8, 2000.

Decided Feb. 27, 2001.

Before BROWNING, PREGERSON, and BEEZER, Circuit Judges.

---

**1.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

MEMORANDUM [1]

In February 1996, the Bureau of Alcohol Tobacco and Firearms ("ATF") received information from the Los Angeles Sheriff's Office ("LASO") that a fugitive named James Rosemond was staying at the Le Montrose Hotel in West Hollywood, California, and that he was known to travel with armed bodyguards.

After securing an arrest warrant, ATF agents went to the hotel to arrest Rosemond. The agents arrested Rosemond in the hallway just outside of his hotel room. They then performed a security sweep of his room, and found a gun in plain view on the floor.

Rosemond moved to suppress the gun on the basis that the police performed an illegal search of his hotel room. The district court denied Rosemond's suppression motion, finding that the agents were justified in performing a security sweep of the room because they reasonably suspected that the room harbored another person who could have posed a danger to them. Rosemond entered a conditional guilty plea to being a felon and fugitive in possession of a firearm pending the appeal of his suppression motion.

Because the agents did not have a search warrant for Rosemond's hotel room, their entry is presumptively unreasonable. *Maryland v. Buie,* 494 U.S. 325, 331, 110 S.Ct. 1093, 108 L.Ed.2d 276 (1990). Under *Buie,* however, the police may perform a protective sweep beyond the immediate area of the arrest if they can articulate facts that would warrant a reasonably prudent officer to believe that the area to be swept harbored an individual posing a danger to those on the scene. *Id.* at 334, 110 S.Ct. 1093. Reviewing the

record de novo, we conclude that the evidence supported a reasonable suspicion. Therefore, the agents were justified in performing a protective sweep of Rosemond's hotel room.

■ Because the criminal nature of the gun was immediately apparent, and because the agents did not violate the Fourth Amendment in entering the room, the agents were justified in seizing the gun under the "plain view" doctrine. *Horton v. California*, 496 U.S. 128, 136–37, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990); *Coolidge v. New Hampshire*, 403 U.S. 443, 466, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). Accordingly, the district court's denial of Rosemond's motion to suppress the gun is AFFIRMED.